HENRY O. HOWARD AND OTHERS, RESPONDENTS, v. GEORGE K. MOOT, APPELLANT.

*Pulteney estate — title of — power of legislature to provide for perpetuating testimony — Chapter 19, 1821.*

The legislature had power to pass the act, chapter 19, Laws of 1821, to perpetuate certain testimony respecting the title to the Pulteney estate in this State.

The act is not rendered unconstitutional by its failure to provide for the service of notice of the taking of the testimony, upon the parties interested in rebutting the evidence, which the act provided should be taken, and which, when taken, was made *prima facie* evidence of the facts testified to.

* 1 Chitty Pl., 72.
† 1 Chitty Pl., 72, 160; Randall v. Cleaveland, 6 Conn., 328; Robinson v. Wheeler, 25 N. Y., 252.

The legislature has power to determine what shall, in civil cases, be received by the courts as presumptive evidence.

*Hand* v. *Ballou* (12 N. Y., 541) followed.

The second section of the act provides, that if the chancellor shall be of opinion that the depositions of the witnesses furnish good *prima facie* evidence of the facts therein set forth, he shall pronounce such opinion, and that thereupon copies of such depositions, after the same shall have been duly filed and certified, shall be received and read, as *prima facie* evidence of the facts set forth in such depositions, in all courts. *Held*, that the act made the chancellor the exclusive judge of the weight to be given to the evidence, and his decision on that point could not be reviewed.

Where, upon the probate of a will in this State, in 1820, it was proved that the testator, at the time of its execution, was of full age, *held*, that as no person under twenty-five years could make a valid will, this was full age, and the witness must have so intended.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury directed by the court at a trial at the circuit.

The action is brought to recover 100 acres of land in Springwater, Livingston county. The only question involved in the case was the validity of the title to what is known as the Pulteney estate. The validity of this title has already been before the courts, in the cases of *Duke of Cumberland* v. *Graves* (7 N. Y., 305, and 9 Barb., 595), and of *The People* v. *Snyder* (41 N. Y., 397, and 51 Barb., 589), in which the facts relating to the title are fully set forth.

*Scott Lord*, for the appellant.

*William Rumsey*, for the respondents.

MULLIN, P. J.:

The court of chancery, from the earliest time, entertained bills to perpetuate testimony, in cases in which an action could not be presently maintained, to be used when an action should be brought, in which such evidence was admissible. The legislature, as early as 1806, provided another mode of perpetuating evidence, less expensive, but as effectual as the proceeding by bill. To entitle a party to proceed in either way, it must be made to appear that the person applying, either was, or expected to be, a party to a suit; that the testimony was material; and, if the suit was not actually commenced, that the opposing party resided in the State.

Neither the owners of the unsold lands of the Pulteney estate, nor the purchasers of such lands, could perpetuate evidence in chancery, or under the statute. And, in the case of the purchasers, each purchaser must proceed, or such as did not, might be subjected to the risk of failure to establish title in his grantors to the land held by him. To remedy the defect, the legislature, in 1821, passed an act, entitled "An act to perpetuate certain testimony respecting the title of the Pulteney estate in this State." Under this statute, the testimony was taken once only, and was available in behalf of all persons interested. It is by the evidence thus taken and used on the trial of this action, that the validity of the act itself and the competency of the evidence are brought in question.

The appellant's counsel denies the power of the legislature to pass this act, but it will be seen that the perpetuation of evidence was a part of the jurisdiction of chancery; and the practice in that court and its jurisdiction were wholly within the control of the legislature; it could grant or take away and change the mode of procedure at pleasure. If it might lawfully provide for perpetuating evidence, otherwise than by bill in chancery, it could amend or repeal the act authorizing it. In short, the whole subject was within the control of the legislature, and its action is not open to discussion. It is said that the act, under consideration, takes away from the party against whom the evidence is used, rights to which he was justly entitled, and of which he cannot lawfully be deprived. The act makes no provision for notice of the taking upon the parties interested in rebutting the evidence, that the act provides should be taken, and the evidence, when taken, is made *prima facie* evidence of the facts testified to, thus changing the burden of proof from the shoulders of those who labor to maintain the title of Pulteney and those claiming under him, on to those who may claim in opposition to such title.

The legislature, in 1850, passed an act making a comptroller's deed of land sold for taxes, presumptive evidence of the authority of the comptroller to sell and convey the land, and that all proceedings had, and acts done, prior to such conveyance, were regular and in conformity to law. Here was a manifest change of a rule of evidence prior to the passage of said act, and the person claiming under the deed, had the benefit of no presumption in favor of the

deed, but was compelled to prove the regularity of each step in the proceedings to sell said land. The Court of Appeals, in *Hand* v. *Ballou*,* held the act to be constitutional, although there was no provision made for hearing the persons against whom the presumption was made to operate. JOHNSON, J., gives emphasis to the decision by saying, " the legislature certainly have power to determine by law what shall, in civil cases, be received by the courts as presumptive evidence." In view of this decision, a further discussion of the question of the power of the legislature to change the rules of presumptive evidence, is wholly unnecessary.

The appellant's counsel further insists, that the evidence taken under the interrogatories, is not competent, legal evidence, to establish *prima facie*, the facts in support of which the evidence was taken. The act makes the chancellor the exclusive judge of the weight to be given to the evidence, and his decision on that point cannot be reviewed. If the legislature has the right to change the rules of evidence, it surely has the power to impose such restriction upon the operation and effect of the evidence as it deems proper. In the case under consideration, instead of declaring that, upon the production of the title deeds and instruments relating to the Pulteney estate, the presumption should be that they vested in the purchasers or other persons a valid legal title to the lands embraced therein, it is provided that such presumption shall not be allowed, until evidence shall be taken, that the highest judicial officer in the State shall declare to be, in his opinion, sufficient to establish *prima facie*, the facts which the statute permitted to be proved.

The appellant's counsel objected to the admission of the will of Sir John Lowther Johnston, because it was not proved, at the time of proving said will, that the testator was of the age of twenty-one years. It was proved at the time of executing said will, the testator was of *full age*. The will was offered for probate in this State, and it must have been executed in conformity with the laws of this State ; and one of the essentials was, that the testator should, at the time of executing the same, be twenty-five years of age. This was full age, and no person under twenty-five could make a valid will. If he was not, the witnesses who swore he was of full

* 2 Kern., 541.

age, when in fact they knew he was not, were guilty of perjury; and it would not have been a defense, that the will was made in Scotland. By the Scotch law, a person of the age of eighteen years could make a will. The objection was properly overruled.

In view of the transfer by this State to the State of Massachusetts, of the lands known as the Pulteney estate, and of the transfer of said lands by Massachusetts to Phelps and Gorham, and of the subsequent conveyances of the same with the sanction of the legislature, and of the treaty between the United States and Great Britain, ratifying and confirming the title of British subjects to lands held by them, we must declare the title to this estate valid, regardless of all mere technical objections thereto. In the case of the *People* v. *Snyder*,* many of the objections, relied upon by the appellant's counsel, were considered, and although the pleadings in that case rendered an examination of them unnecessary, it is nevertheless obvious that the Court of Appeals did not consider them of any importance. It would be little short of madness for the courts, at this day, to cast doubt upon, much more to hold invalid, the title to the Pulteney estate. For myself, I have not the courage to do so, even if the objections thereto were more formidable than they appear to me. The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.